# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ELIAS TOMAS HERNANDEZ, )
)
    Plaintiff, )
)
v. ) Case No. CV411-071
)
JACK KOON, Warden )
Coastal State Prison, )
)
    Defendant. )

## **REPORT AND RECOMMENDATION**

Elias Tomas Hernandez, currently confined in Coastal State Prison in Garden City, Georgia, submitted a 42 U.S.C. § 1983 complaint asserting a civil rights claim against his warden. Doc. 1. The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. Doc. 3. He has returned the two forms, so the case is ready to proceed. Docs. 7-9.

## A. The Merits

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against

governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether Hernandez states a colorable claim for relief. He does not.

At bottom, plaintiff insists the State owes him an education and that his warden is failing to see that he gets it. Doc. 1 at 5-7. However,

> federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and *educational* programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88, n. 9, 97 S. Ct. 274, 50 L.Ed.2d 236 (1976) (noting that the Due Process Clause is not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir.2003) (finding that prisoners have no constitutional right to rehabilitation, *education* or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir. 1989) (indicating that there is no constitutional right to rehabilitation); *Newsom v. Norris*, 888 F.2d

371, 374 (6th Cir. 1989) (indicating that there is no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job").

*Jackson-El v. First Name Unknown Spiker*, 2011 WL 1701005 at * 2 (E.D. Mich. May 4, 2011) (emphasis added). Hernandez's case therefore must be **DISMISSED**.

## B. Plaintiff's PLRA-Payment Obligation

Meanwhile, it is time for plaintiff to pay the piper. Based on his furnished information, doc. 9 at 1 ($0.00 monthly balance for the last six months), the Court has determined that he has had no funds in his prison account during the past six months and therefore does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "*when* funds exist," a specific 20% formula) (emphasis added). **IT IS THEREFORE ORDERED** that, hereafter, plaintiff's custodian (or her designee) shall set aside 20 percent of all future deposits to plaintiff's trust fund account and forward those funds to the Clerk (payable to the "Clerk of Court") each time the set aside amount exceeds $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. CV411-071. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Report and Recommendation (R&R) and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this R&R and a copy of the Consent to Collection of Fees from Trust Account shall be served upon the plaintiff and his current custodian. In that respect, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian (Denise Bivens, doc. 9 at 1) immediately, as this "accounting" portion ("Part B" of this R&R) is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.

**SO REPORTED AND RECOMMENDED**, this 17th day of May, 2011.

_[signature]_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA